UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER MELINGONIS, Individually and on Behalf of Himself and all Others Similarly Situated<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>MAIN STREET MARKETING, INC., et al.,<br><br>　　　　　　　　　　　　Defendants. | Case No.: 16cv2292-MMA (JLB)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**<br><br><br><br>[Doc. No. 17] |

Plaintiff Christopher Melingonis, brings this civil action against Defendants Main Street Marketing, LLC ("MSM"), and Jerrod Robker aka Jerrod McAllister, alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").  Doc. Nos. 1, 4.  Plaintiff now moves for default judgment against Defendants, seeking $8,000 in statutory damages and $877.50 in costs on an individual basis and requests that the putative class be dismissed without prejudice.  Doc. No. 17 at 7-8.  The motion is unopposed.  *See* Docket.  For the reasons set forth below, the Court **GRANTS** the motion and **DIRECTS** the Clerk of Court to enter judgment accordingly.

### BACKGROUND

According to the First Amended Complaint ("FAC"), beginning no later than July 21, 2016, Plaintiff began receiving automated marketing calls on his cellular telephone from MSM.  FAC ¶ 17.  During this time, Defendants conducted business in the State of California and in the County of San Diego.  FAC ¶ 13.  Plaintiff did not provide

Defendants with his cellular telephone number and did not provide prior express consent to call his cellular telephone number via an autodialer.  FAC ¶¶ 28-29.

To make these calls, Defendants used an automatic telephone dialing system ("ATDS") as defined in the TCPA, which used an artificial or prerecorded voice to call and leave messages.  FAC ¶ 17.  The telephone number contacted by Defendants ATDS was assigned to a cellular telephone service for which Plaintiff was charged for incoming calls.  FAC ¶ 27.

Plaintiff received two calls on July 21, 2016, and one call on July 22, 2016, July 25, 2016, and July 27, 2016.  FAC ¶ 20.  On August 4, 2016, Plaintiff received another call from Defendants and Plaintiff pressed 1 to find out if his "listing is flagged for removal."  FAC ¶¶ 19, 21.  Plaintiff was connected to "Matt," who told Plaintiff that he was from MSM and that the "company listing of Big Block Real Estate is slated for removal."  FAC ¶ 21.  MSM was attempting to improve the Google search results for Big Block Party Realty.  *Id.*  Plaintiff informed Matt that he was neither the owner nor broker of Big Block Realty, was simply a real estate agent who worked there, and terminated the call.  *Id.*  Defendants subsequently called Plaintiff on August 17, 2016, August 18, 2016, and August 19, 2016.  FAC ¶ 22.  After receiving the August 19, 2016 call, Plaintiff replied to MSM via text message requesting that MSM stop calling him.  FAC ¶23.  On September 6, 2016, Defendants again called Plaintiff using an ATDS.  FAC ¶ 24.

On November 17, 2017, Plaintiff filed his FAC against Defendants requesting class certification and damages pursuant to Defendants' alleged class-wide violations of the TCPA.  *See generally* FAC.  Defendants failed to respond by the February 27, 2017 deadline; and on July 7, 2017, the Court set a show cause hearing for dismissal for Plaintiff's failure to move for entry of default or default judgment pursuant to Civil Local Rule 55.1.  Doc. No. 12.  On July 11, 2017, Plaintiff requested the clerk enter default against Defendants and default was entered.  Doc. Nos. 14, 15.  On August 17, 2017, Plaintiff filed a motion for default judgment.  Doc. No. 17.

//

# DISCUSSION

## 1. Jurisdiction

Courts have an affirmative duty to ensure the proper exercise of subject matter jurisdiction and personal jurisdiction when a default judgment is sought. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). In this case, the Court is satisfied that it has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the FAC seeks relief under 47 U.S.C. § 227, *et seq*. FAC ¶ 6. The Court is also satisfied that Plaintiff has alleged facts sufficient to establish personal jurisdiction over Defendants because Defendants' phone calls were made to Plaintiff's phone number, which has a California area code. *See Luna v. Shac, LLC*, No. C14-00607 HRL, 2014 WL 3421514, at *3 (N.D. Cal. July 14, 2014) (finding in a TCPA case that because the phone calls were made to phone numbers with California area codes, the defendant purposefully aimed its activity at California).

In addition, the Court must determine whether Defendants were properly served with notice of this action. Upon review of the proofs of service, the Court finds that Plaintiff effected service of process in conformity with Federal Rule of Civil Procedure 4 and Utah Rule of Civil Procedure 5.

## 2. Legal Standard

Pursuant to Federal Rule of Civil procedure 55(b), the Court may enter default judgment against a defendant who has failed to plead or otherwise defend an action. The Ninth Circuit has provided seven factors for consideration by the district court in exercising its discretion to enter default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of dispute concerning material facts; (6) whether default was due to excusable neglect; and (7) the strong policy underlying the Federal Rule of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). When assessing the *Eitel* factors, all factual allegations in the complaint are taken as true, except those with

regard to damages. *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

### 3. Analysis

The *Eitel* factors weigh in favor of entering default judgment in this case. With respect to the first factor, if the pending motion were denied, Plaintiff would likely be without a remedy. If Defendants do not appear in court, Plaintiff has no method of addressing this matter. Absent entry of a default judgment, Plaintiff would be deprived of the remedies he is entitled to. As a result, the first factor weighs in favor of entering default judgment.

Under the second and third *Eitel* factors, the Court may consider the merits of Plaintiff's substantive claim and the sufficiency of the complaint. *Eitel*, 782 F.2d at 1471. These two factors require that a plaintiff "state a claim on which the [plaintiff] may recover." *Pepsico, Inc., v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002) (internal citation omitted).

The relevant provision of the TCPA provides as follows:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States . . . [t]o make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

47 U.S.C. §227(b)(1)(A)(iii). Thus, to prove that a defendant violated the TCPA in a case involving a cell phone, a plaintiff must establish that: (1) the defendant called his or her cell phone, and (2) the defendant did so using an ATDS or an artificial or prerecorded voice. The TCPA explicitly exempts from liability autodialed calls to a cell phone "made with the prior express consent of the called party." 47 U.S.C. § 227(b)(1)(A). "Prior express consent" is an affirmative defense to an alleged TCPA violation, for which the defendant bears the burden of proof. *See Grant v. Capital Mgmt. Servs., L.P.*, 449 Fed.

App'x 598, 600 n.1 (9th Cir. 2011) (citing *In the Matter of Rules and Regulations Implementing the TCPA of 1991*, 23 FCC Rcd. 559, 565 (2008) ("[W]e conclude that the creditor should be responsible for demonstrating that the consumer provided prior express consent.")).  "If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph."  47 U.S.C. § 227(b)(3).

Here, Plaintiff has adequately pleaded his claims for both negligent and willful violations of the TCPA.  Specifically, he alleged that Defendants called his phone with an ATDS without his prior consent.  FAC ¶¶ 17-30.  Accordingly, the second and third factors weigh in favor of entering default judgment.

Under the fourth *Eitel* factor, the Court considers the amount of money at stake in relation to the seriousness of defendants' conduct.  *Eitel*, 782 F.2d at 1471-72.  The TCPA provides a private right of action for actual monetary loss of statutory damages of up to $500 for each violation of the TCPA.  42 U.S.C. § 227 (b)(3)(B).  Here, Plaintiff seeks $500 per call in violation of the TCPA, or $8,000 for the sixteen calls.  Doc. No. 17-1 at 7.  Plaintiff does not seek to impose the $1,500 per call amount for willful violations of the statute.  *See id.*  The Court deems Plaintiff's request for statutory damages reasonable with respect to the seriousness of Defendants' conduct and because "they have been deemed appropriate by Congress."  *See Whitaker v. Bennett Law, PLLC*, No. 13cv3145-L (NLS), 2013 WL 12434306, at *3 (S.D. Cal. Jan. 26, 2015) (awarding statutory damages in a TCPA action on motion for default judgment because the statutory amount has been approved by Congress).  Plaintiff's attorney has submitted a declaration seeking to recover $877.50 in costs for this entire action, representing a filing fee and process server fees.  Doc. No. 17-3 at 2.  Plaintiff's attorney explains that the process server fees "are higher than normal as Defendant Main Street Marketing, LLC listed its address on the Utah Secretary of State website, an address which turned out to be the U.S. Post Office in Cedar City, Utah.  So the process servers required additional work to

track down additional addresses." *Id.* at 2-3.  These costs are reasonable.  *See Sapan v. Home Star Capital, Inc.*, No. SACV 15-01989-CJC (KESx), 2016 U.S. Dist. LEXIS 144381, at *17 (C.D. Cal. Oct. 17, 2016) (finding $696 in costs reasonable for filing fees and service fees).

As to the fifth factor, on entry of default, the Court must accept the well-pleaded allegations of the complaint as true, except those relating to damages.  *TeleVideo Sys., Inc.*, 826 F.2d at 917-18.  As explained above, Plaintiff filed an FAC alleging the facts necessary to establish his entitlement to statutory damages under the TCPA.  It has been over a year since Plaintiff filed the original complaint and almost ten months since Plaintiff filed the FAC.  *See* Doc. No. 1; FAC.  Defendants have been given a great deal of time to respond to the complaint and dispute any allegations, but have failed to do so.  *See* Docket.  As such, the fifth factor weighs in favor of entering default judgment.

The sixth *Eitel* factor considers the possibility that default resulted from excusable neglect.  "Due process requires that all interested parties be given notice reasonably calculated to apprise them of the pendency of the action and be afforded opportunity to present their objections before a final judgment is rendered."  *Philip Morris USA, Inc. v. Castworld Products, Inc.*, 219 F.R.D. 494, 500-01(C.D. Cal. 2003) (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).  In the instant action, the possibility that default resulted from excusable neglect seems remote.  Defendants were personally served with the summons and Complaint on January 19, 2017, Defendant Robker was personally served again on March 8, 2017, and Defendant MSM was personally served a second time on July 11, 2017.  Doc Nos. 8, 9, 11, 13.  Defendants failed to answer or otherwise respond to the FAC and have not opposed the motion for default judgment.  *See* Docket.

Finally, the Court considers the policy favoring decisions on the merits whenever reasonably possible.  *Eitel*, 728 F.2d at 1472.  The existence of Rule 55(b) indicates that this policy favoring decisions on the merits is not dispositive on its own.  *Pepsico*, 238 F. Supp. 2d at 1177.  Defendants' failure to participate in this action makes a decision on the

merits impractical, if not impossible.  Additionally, not granting Plaintiff's motion for default judgment would prejudice Plaintiff's diligence by causing interminable delay and continued uncertainty as to his rights.  *See H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970).  Thus, this factor does not prevent the Court from entering default judgment against Defendants.

## CONCLUSION

Plaintiff requests the Court dismiss the putative class without prejudice and enter default judgment on an individual basis.  Doc. No. 17-1 at 8.  In cases in which the district courts have entered a default judgment against a defendant and no class has been certified, only named plaintiffs can recover damages.  *See Partington v. Am Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 340 (4th Cir. 2006) (holding that class members could not use a default judgment to establish the class when the district court never formally certified the class); *Davis v. Hutchins*, 321 F.3d 641, 648-49 (7th Cir. 2003) (holding that the district court improperly awarded class damages when no class had been certified).  Accordingly, the Court **ORDERS** that the putative class claims be **DISMISSED WITHOUT PREJUDICE**.  It is further **ORDERED** that Plaintiff's motion for default judgment be **GRANTED**.  The Court **DIRECTS** the Clerk of Court to enter judgment against Defendants, and in favor of Plaintiff, in the total amount of $8,000 in statutory damages and $877.50 in costs.

**IT IS SO ORDERED**.

Dated:  October 10, 2017

Hon. Michael M. Anello
United States District Judge